IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR, | No. C 14-2170 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| GREGORY J. AHERN, Sheriff, et al., | |
| Defendants. | |

Plaintiff, a California state civilly committed detainee proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

    Plaintiff has filed a civil rights complaint naming 28 defendants, 15 John Does, and raising several constitutional violations. However, the complaint has several deficiencies that prevent the court from properly proceeding in this action

    First, plaintiff clearly raises claims of a violation of the Americans with Disabilities Act ("ADA"), a claim of retaliation, and a due process claim concerning plaintiff's placement into administrative segregation. However, he also appears to allege that defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and perhaps a claim regarding plaintiff's right to free speech. The court cannot ascertain exactly what claims plaintiff is attempting to raise. Plaintiff should clarify his claims in an amended complaint.

    Second, plaintiff appears to have a joinder problem. Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. See Fed. R. Civ. P. 18(a); Intercon Research Assoc., Ltd. v. Dresser Indus. Inc., 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

    The "same transaction" requirement in Rule 20 refers to "similarity in the factual

background of a claim; claims that arise out of a systematic pattern of events" and have a "very definite logical relationship" arise out of the same transaction and occurrence. Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Coughlin, 130 F.3d at 1350 and Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960)). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351. Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions. Id.

Here, plaintiff alleges that Alameda County has a policy of violating the ADA and has set forth examples to support his claim. Plaintiff has also alleged that Alameda County has a policy of placing inmates into administrative segregation without a hearing or notice, in violation of due process. Plaintiff has not connected individual defendants to his due process claim. In addition, plaintiff names at least ten individual defendants and sets forth many separate allegations of retaliation for filing grievances. The facts supporting plaintiff's ADA claim and due process claim do not involve common factual or legal questions with the retaliation claim.

In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that plaintiff cannot complain in his amended complaint about unrelated incidents during his imprisonment against unrelated defendants. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims or defendants in his amended complaint, they will be dismissed.

Third, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125

(9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

For purposes of clarity, in the amended complaint, plaintiff may wish to introduce each constitutional violation separately. Under each violation, plaintiff should name each defendant he believes to be liable for that violation. Then, plaintiff should set forth facts supporting the liability of each defendant to that violation. For example, if plaintiff wanted to raised a due process claim, plaintiff would name each defendant he was suing for the due process violation, and then give a short recitation of facts supporting plaintiff's theory of liability for each defendant.

C.  Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The court has dismissed plaintiff's complaint with leave to amend, and has not been able to determine if he can allege a cognizable claim for relief. This denial is without prejudice to the court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.  Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

2.  If plaintiff can cure the pleading deficiencies described above, he shall file an

1  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
2  complaint must include the caption and civil case number used in this order (C 14-2170 RMW
3  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must
4  indicate which specific, named defendant(s) was involved in each cause of action, what each
5  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
6  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an
7  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
8  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**
9  **amended complaint within thirty days and in accordance with this order will result in a**
10 **finding that further leave to amend would be futile and this action will be dismissed.**

11         3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
12 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
13 in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
14 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
15 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

16         4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
17 court informed of any change of address by filing a separate paper with the clerk headed "Notice
18 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
19 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
20 of Civil Procedure 41(b).

21         IT IS SO ORDERED.
22 DATED: FFIFEFI                          *Ronald M. Whyte*
23                                          RONALD M. WHYTE
                                            United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.13\Starr170dwla.wpd        5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON L STARR,<br><br>           Plaintiff,<br><br>    v.<br><br>GREGORY J AHERN et al,<br><br>           Defendant._____/ | Case Number: CV14-02170 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Lee Starr ALJ-123
Alameda County Santa Rita Jail
5325 Broder Boulevard
Dublin, CA 94568

Dated: November 12, 2014

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk